UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA S. MUSIC,                    :    **CIVIL NO. 1:05-CV-1223**
                                   :
            Plaintiff              :    (Judge Conner)
                                   :
      v.                           :    (Magistrate Judge Smyser)
                                   :
THE PRUDENTIAL INSURANCE           :
COMPANY OF AMERICA and             :
PENN NATIONAL INSURANCE,           :
                                   :
            Defendants             :


### REPORT AND RECOMMENDATION


     The complaint in this case was filed on June 17, 2005.
The plaintiff is Debra S. Music, a Palmyra resident.  The
defendants are the Prudential Insurance Company of America and
Penn National Insurance.  The cause of action is stated under
the Employee Retirement Income Security Act, 29 U.S.C.
§ 1132(a)(1)(B).  The court has jurisdiction under 28 U.S.C.
§ 1331.


     The complaint states that defendant Prudential
Insurance Company of America is engaged in the business of
selling long-term disability insurance in Pennsylvania and that
defendant Penn National Insurance is the plan administrator of
the employee welfare benefit plan and is the employer of the

plaintiff.  The complaint states that Prudential sold to Penn
National the long-term disability insurance contract under
which the plaintiff as a Penn National employee is entitled to
long-term disability benefits if she is unable to perform the
material and substantial duties of her regular occupation due
to sickness or injury and has a 20% or greater loss of indexed
monthly earnings due to sickness or injury.

The complaint relates that the plaintiff stopped
working as a customer service representative on June 19, 2002
and began to receive benefits under the Penn National salary
continuation program.  It relates that Prudential determined
that she was eligible for a closed period of long term
disability benefits from December 20, 2002 through August 31,
2003, and paid her $627.45 a month, terminating payments as of
September 1, 2003.  Prudential denied the claim of the
plaintiff for long term disability benefits beyond that.

The complaint states that the plaintiff has chronic
active rheumatoid arthritis, and that the plaintiff's treating
physician states that the plaintiff is not able to work.  The
complaint asserts that the plaintiff is disabled from
performing the material and substantial duties of her regular

2

occupation of customer service representative due to sickness or injury, that she has performed all of the conditions of the group life insurance policy that are required of an insured under the policy, that Prudential has refused to make payments of long term disability benefits, and that Prudential has no valid basis to deny her claim.  It is asserted that the plaintiff must as a result make payments for life insurance coverage in the amount of $2,208.00 per year.  It is asserted that she has had to pay $9,120.00 for health and dental insurance coverage under COBRA.

By way of relief, the complaint seeks an order directing defendants Prudential and Penn National to pay long-term disability payments of $627.45 a month to her effective September 1, 2003, to reimburse her life insurance payments and health and dental insurance payments, and ordering the reinstatement of life insurance and health and dental insurance.  She also seeks interest, costs and attorneys' fees.

Defendant Prudential filed an answer to the complaint on August 18, 2005.  Doc. 4.

Defendant Penn National filed a motion to dismiss the complaint on September 9, 2005.  Doc. 5.  A supporting brief was filed on September 9, 2005.  Doc. 6.  A brief in opposition was filed by Penn National on September 27, 2005.  Doc. 7.  A reply brief was filed on October 5, 2005.  Doc. 8.  This Report and Recommendation discusses the motion to dismiss the complaint as to defendant Penn National and recommends that it be denied.

The motion to dismiss is based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of her allegations, she would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v.*

4

*Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However,
"conclusory allegations of law, unsupported conclusions and
unwarranted inferences need not be accepted as true." *Id*. at
449-50.  A complaint should not be dismissed for failure to
state a claim upon which relief can be granted unless it
appears beyond doubt that the plaintiff can prove no set of
facts in support of her claim which would entitle her to
relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v.
Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

     Defendant Penn National argues that the complaint fails
to state a claim against it upon which relief can be granted
because Penn National is not a fiduciary under the Employee
Retirement Income Security Act (ERISA), 29 U.S.C.
§ 1132(a)(1)(B).  In the alternative, Penn National argues, the
plaintiff has not alleged that Penn National breached a
fiduciary duty owed to the plaintiff.

     Section 502(a)(1)(B) of ERISA provides that a civil
action may be brought by a participant as a beneficiary to
recover benefits due under the terms of the plan, to enforce
rights under the plan or to clarify rights to future benefits
under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B).  The

5

plaintiff's complaint states a claim under 29 U.S.C.
§ 1132(a)(1)(B).  Doc. 1, ¶ 4.  Defendant Penn National asserts
the claim stated is not one upon which relief can be granted
against it because the proper defendant is either the plan
itself or a fiduciary under the plan, and that it (Penn
National) is not either in that it has no control or discretion
over the plan or the administration of the plan.  Penn National
asserts that it has been listed in the plan document as the
plan administrator, but that it has delegated full
discretionary authority to the insurer as claims administrator
to determine all claims and appeals for long term disability
benefits.

          In Exhibit "A" to the complaint, the Summary Plan
Description, the Pennsylvania National Casualty Insurance
Company is described as the plan sponsor and plan
administrator.  Doc. 1, Exhibit "A", p.32.  In the case relied
upon by the defendant in its brief, *Earnest v. Metropolitan
Life Insurance Co., et al.,* 291 F.Supp. 2d 1327 (M.D.Fla.
2003), the Court's decision that the employer had granted full
authority to the insurer was made upon a documented summary
judgment record.  Defendant Penn National cites Plan language
that Prudential "as Claims Administrator has the sole

discretion to interpret the terms of the Group Contract, to make factual findings and to determine eligibility for benefits."  Doc. 1, Exhibit "A", p.33.

The plaintiff argues that in any event Penn National, which is identified in the Summary Plan Description as the plan sponsor and plan administrator, is a necessary party.  We agree, for the reason that there is not an absence of factual issue(s) about the role of the employer in plan administration and because it is not clearly demonstrated that the full relief sought by the complaint, assuming *arguendo* that the plaintiff prevails, can be given by defendant Prudential alone.

Defendant Penn National argues that the complaint fails to state a claim that it breached a fiduciary duty owed to the plaintiff.  The plaintiff asserts that only Penn National, the employer, can reinstate health and dental benefits and that it is not doing so in breach of its fiduciary duty to do so. Defendant Penn National argues that a court in an ERISA claim for an improper denial of benefits may not award compensation for charges incurred by the employee for health and dental coverage.  In *Godfrey v. Bellsouth Telecommunications, Inc.,* 89 F.3d 755 (11th Cir. 1996), upon which defendant Penn National

7

relies, the district court had held that an ERISA plaintiff was not entitled to punitive or compensatory damages.  Assuming that the plaintiff prevails here, she will be entitled to her past benefits under the plan.  She has alleged in her complaint that her past benefits included health and dental insurance and that as a result of the decision on the part of defendant Prudential not to award her long term disability benefits she was not covered under the plan for her health and dental insurance.  We do not see the recovery of wrongfully denied health and dental benefits under the plan to be a recovery of punitive or of compensatory damages.  It is a recovery in the nature of a contractual recovery of a benefit to which the employee was entitled under the plan.

It is recommended that the motion to dismiss the complaint as to defendant Penn National be denied.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   October 20, 2005.