IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA S. MUSIC,** : | CIVIL NO. 1:05-CV-1223 |
| : | |
| Plaintiff : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **THE PRUDENTIAL INSURANCE** : | |
| **COMPANY OF AMERICA and** : | |
| **PENN NATIONAL INSURANCE** : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 19th day of April, 2006, upon consideration of the report of the magistrate judge (Doc. 10), recommending denial of the motion to dismiss (Doc. 5),[1] filed by defendant Penn National Insurance ("Penn National"), to which objections were filed (see Docs. 11-12, 16), and, following an independent review of the record, it appearing that Penn National's role as plan administrator (see Doc. 1,

---

[1] The above-captioned action (Doc. 1) is brought pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") for the denial of long-term disability ("LTD") benefits under plaintiff's LTD plan. See 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought--by a participant or beneficiary . . . to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . ."). Not only does plaintiff seek LTD benefits, but she also seeks reimbursement for payments for life insurance and health and dental insurance and reinstatement of these benefits. (See Doc. 1.)

Ex. A at 32) cannot be determined absent a development of the factual record,[2] see 29 U.S.C. § 1002(21)(A) ("[A] person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets . . . [or] he has any discretionary authority or discretionary responsibility in the administration of such plan."), and that plaintiff alleges that she is entitled to reimbursement of payments for life insurance and health and dental insurance (see Doc. 1 ¶¶ 19-20),[3] it is hereby ORDERED that:

---

[2] The LTD plan at issue provides that "*Prudential* . . . as Claims Administrator has the *sole discretion* to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." (See Doc. 1, Ex. A at 33 (emphasis added)). Although it appears that Penn National did not have, or exercise, any discretion over the management or administration of the LTD plan, in an abundance of caution, the court will permit plaintiff to develop the factual record to demonstrate Penn National's discretion and role in the denial of benefits.

[3] But see, e.g., DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 457-58 (3d Cir. 2003) ("[ERISA] § 502(a)(1)(B), by its plain language only allows plan participants to seek the benefits to which they are contractually entitled . . ."); Santasania v. Union Travel Trades Benefit Funds, No. 3:01-CV-1442, 2003 WL 256778, at *3 (M.D. Pa. Feb. 4, 2003) ("Section 502(a)(1)(B) does not authorize Plaintiff's claim for reimbursement of COBRA expenses. Courts have strictly construed the language in § 502(a)(1)(B), limiting recovery to benefits due *under the terms of the plan*." (citing Mass. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985))). The court notes that Penn National has filed a motion for summary judgment (Doc. 25). In the context of this motion, the magistrate judge shall determine whether plaintiff is entitled under the LTD plan to reimbursement for payments for life insurance and health and dental insurance and reinstatement of these benefits. See id. ("The relief sought by Plaintiff with respect to his COBRA claim is therefore extracontractual and not available under § 502(a)(1)(2).").

2

1. The report and recommendation of the magistrate judge (Doc. 10) is ADOPTED.

2. The motion to dismiss (Doc. 5) is DENIED.

3. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge