IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA S. MUSIC**, | : CIVIL ACTION NO. 1:05-CV-1223 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** and **PENN NATIONAL INSURANCE**, | : |
| Defendants | : |

## MEMORANDUM

Presently before the court are cross motions for summary judgment (Docs. 21, 25, 28) with respect to the claim of plaintiff, Debra S. Music ("Music"), to recover long-term disability benefits and reimbursement of payments for life insurance and health and dental insurance that are allegedly owed to her by defendants Prudential Insurance Company of America ("Prudential") and Penn National Insurance ("Penn National").[1]  This cause of action is governed by the Employee Retirement Income Security Act ("ERISA").[2]  See 29 U.S.C. §§ 1001-1401.

---

[1] Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

[2] The action is brought pursuant to § 502(a)(1)(B) of ERISA.  See 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought--by a participant or beneficiary . . . to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan . . . .").

I.  **Facts**[3]

Plaintiff was employed by Penn National as a customer service representative. In June of 2002, she ceased working in that capacity and began to receive benefits under the Penn National salary continuation program. Plaintiff applied to Prudential for long-term disability benefits and was granted a closed period of benefits from December 20, 2002 through August 31, 2003. Prudential denied plaintiff's claim for long-term disability benefits beyond this closed period and has not provided plaintiff with benefits since August 31, 2003. (Doc. 29.)

Plaintiff asserts that she has chronic active rheumatoid arthritis and that she is unable to work. (Doc. 1.) She further alleges that Prudential arbitrarily and capriciously terminated her disability benefits. (Doc. 31.) In her complaint (Doc. 1), plaintiff seeks an order directing defendants to pay long-term disability benefits to her effective September 1, 2003, to reimburse the life insurance payments and health and dental insurance payments that she has made subsequent to the termination of her disability benefits, and to reinstate her life, health, and dental insurance. She also seeks interest, costs, and attorneys' fees. (Id.)

On May 12, 2006, the magistrate judge filed a report recommending that the plaintiff's motion for summary judgment (Doc. 28) be granted in part and denied in part. (See Doc. 40.) The magistrate judge also recommended that defendants'

---

[3] A detailed reiteration of the factual background is set forth in the report and recommendation of the magistrate judge (Doc. 40), familiarity with which is presumed.

motions for summary judgment (Docs. 21, 25) be denied.  Defendants filed objections (Docs. 41-44) to the report and recommendation, to which the plaintiff filed responses (Docs. 45, 46).  After an independent review of the record,[4] the court will adopt in part and reject in part the magistrate judge's report and recommendation.

## II. Discussion

### A. Penn National's Motion for Summary Judgment

In the matter *sub judice*, the magistrate judge recommended the denial of defendant Penn National's motion for summary judgment without discussion.  (See Doc. 40.)  Penn National claims that it is not a proper defendant in this action because it is not a fiduciary under ERISA[5] or, alternatively, that the plaintiff has failed to offer evidence supporting her claim that Penn National breached any fiduciary duty owed to the plaintiff.  (Doc. 25 at 2.)  By order of court dated April 19, 2006, this court denied Penn National's motion to dismiss (Doc. 5) on the same grounds in order to "permit the plaintiff to develop the record to demonstrate Penn National's discretion and role in the denial of benefits."  (Doc. 39.)

---

[4] The court must conduct a *de novo* review of the portions of the report and recommendation to which a party objects.  See 28 U.S.C. § 636(b); see also Mathews v. Weber, 423 U.S. 261, 271-72 (1976); Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987).

[5] See 29 U.S.C. § 1002(21)(A) ("[A] person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of assets . . . [or] he has any discretionary authority or discretionary responsibility in the administration of such plan.")

Plaintiff contends that Penn National is a proper and necessary party to this action because it is listed as the plan sponsor and plan administrator in the summary of the long-term benefits plan. (See Doc. 1, Ex. A at 32.) However, plaintiff does not refute the clear language of the plan that indicates that Prudential has the *sole discretion* in determining eligibility for benefits under the plan. (See Doc. 1, Ex. A at 33.) Nor does plaintiff offer any evidence that Penn National had, or exercised, any discretion with respect to benefits under the long-term disability plan. See Tywalk v. Prudential Ins. Co., No. CIVA 2004-222J, 2006 WL 2815806, at *4 (W.D. Pa. Sept. 28, 2006) (finding that an employer was not a fiduciary under ERISA because it "retained no discretionary authority, responsibility or control with respect to the benefits sought by [the plaintiff]"); see also Earnest v. Metro. Life Ins. Co., 291 F. Supp. 2d 1327, 1338 (M.D. Fla. 2003) (finding that the employer listed as the plan sponsor and plan administrator was not a proper defendant because the employer had "delegated full discretionary authority to [the insurer] . . . to determine all claims and appeals for [long-term disability] benefits"). Accordingly, a reasonable trier of fact could not conclude that Penn National is a fiduciary. The court will sustain defendant Penn National's objection and reject the report and recommendation with respect to this issue.

**B.   Plaintiff's Motion for Summary Judgment**

The magistrate judge, finding that defendant Prudential arbitrarily and capriciously denied plaintiff's application for long-term disability benefits, recommended that plaintiff's motion for summary judgment (Doc. 28) be granted as

4

to that claim. (See Doc. 40.) The court agrees with the magistrate judge on this issue and finds that Prudential arbitrarily and capriciously denied plaintiff's application for long-term disability benefits by: (1) insisting upon objective medical evidence of a disability, and (2) relying on the opinion of a non-treating physician who failed to consider the possibility that plaintiff had a disability that simply was not supported by objective medical evidence.[6] See Mitchell v. Eastern Kodak Co., 113 F.3d 433, 440-42 (3d Cir. 1997) (finding that the plaintiff's chronic fatigue syndrome rendered him totally disabled despite a lack of objective evidence); see also Ott v. Litton Industries, Inc., No. 4:04-CV-763, 2005 WL 1215958, at *17 (M.D. Pa. May 20, 2005) ("Although the Supreme Court has held that courts may not require ERISA plan administrators to defer to doctors who have treated a claimant over those who merely review her medical files, the court may still evaluate the weight of each doctor's opinion on the extent of his or her treatment history with the patient and specialization or lack thereof.") (citing Black & Decker Disability Plan v. Nord, 538 U.S. 822, 832, 834 (2003)). The court will order defendant Prudential to restore plaintiff's disability benefits and pay such benefits under the plan effective from the date of cancellation of benefit payments in September 2003. These benefits, including those received from December 2002 through August 2003,

---

[6] The court agrees with the magistrate judge's conclusion that plaintiff's motion for summary judgment with respect to the payment of long-term disability benefits should be granted without prejudice to defendant Prudential's right to terminate benefits in the future consistent with policy provisions, including the 24-month limitation on benefits for a disability based on self-reported symptoms. (See Doc. 40 at 22, 25; see also Doc. 1, Ex. A at 18).

are to run for twenty-four months, at which time Prudential may consider whether to terminate benefits in the future consistent with the provisions of the long-term disability plan.

The magistrate judge also recommended that the plaintiff's motion for summary judgment as to the claim for reimbursement of losses of life, health, and dental insurance benefits be denied. (See Doc. 40.) The magistrate judge assumed, *arguendo*, that the disability benefits plan (Doc. 1, Ex. A) was part of a more comprehensive ERISA plan and that further development of the record was required. The court does not agree with the magistrate judge's conclusion and instead finds that the plaintiff has not offered any evidence of a benefits plan entitling her to reimbursement for life insurance or health and dental insurance expenses or for reinstatement of such benefits. See DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 457-58 (3d Cir. 2003) ("[ERISA] § 502(a)(1)(B), by its plain language only allows plan participants to seek the benefits to which they are contractually entitled . . . ."); Santasania v. Union Travel Trades Benefit Funds, No. 3:01-CV-1442, 2003 WL 256778, at *3 (M.D. Pa. Feb. 4, 2003) ("Section 502(a)(1)(B) does not authorize Plaintiff's claim for reimbursement of COBRA expenses. Courts have strictly construed the language in § 502(a)(1)(B), limiting recovery to benefits due *under the terms of the plan*.") (citing Mass. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985)). Although the complaint refers to an "Employee Welfare Benefit Plan" (Doc. 1 ¶ 3), the record is devoid of any plan other than the long-term disability plan attached to the complaint. This long-term disability plan does not

entitle plaintiff to reimbursement of life insurance or health and dental insurance expenses or reinstatement of such benefits.  (See Doc. 1, Ex. A.)  In addition, with respect to Prudential, the long-term disability plan states, in pertinent part, that "Prudential plays no role in determining, interpreting, or applying any [other benefits] that may or may not exist."  (Doc. 1, Ex. A at 8.)  Accordingly, a reasonable trier of fact could not conclude that plaintiff is entitled to reimbursement for, or reinstatement of, life insurance or health and dental insurance from either defendant.  The court will enter judgment in favor of Prudential on plaintiff's claim for reimbursement for, or reinstatement of, life, health, and dental insurance.

### C. Prudential's Motion for Summary Judgment

The magistrate judge recommended that defendant Prudential's motion for summary judgment be denied without discussion.  (See Doc. 40.)  Prudential argues that its denial of benefits for the plaintiff beyond September 1, 2003 "is supported by the evidence in the record and is not arbitrary or capricious under any standard."  (Doc. 21 at 11.)  Because the court finds that Prudential arbitrarily and capriciously denied plaintiff's application for long-term disability benefits, see supra Part II.C, Prudential's motion for summary judgment will be denied.

## III. Conclusion

For the foregoing reasons, the court will grant defendant Penn National's motion for summary judgment (Doc. 25).  The court will deny defendant Prudential's motion for summary judgment (Doc. 21), and will grant plaintiff's motion for summary judgment (Doc. 28) with respect to the claim that Prudential

arbitrarily and capriciously denied plaintiff long-term disability benefits.  Plaintiff's motion (Doc. 28) will be denied in all other respects.  Plaintiff's disability benefits will be reinstated for a total period of twenty-four months.  The court will enter judgment in favor of Prudential on plaintiff's claim for reimbursement for, or reinstatement of, her life, health, and dental insurance.  An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       March 7, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA S. MUSIC,** | : CIVIL ACTION NO. 1:05-CV-1223 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PENN NATIONAL INSURANCE,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 7th day of March, 2007, upon consideration of the report and recommendation of the magistrate judge (Doc. 40), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the report and recommendation of the magistrate judge (Doc. 40) is ADOPTED in part and REJECTED in part as follows:

1. The report and recommendation of the magistrate judge (Doc. 40) is ADOPTED with respect to the conclusion that defendant Prudential Insurance Company of America arbitrarily and capriciously denied plaintiff's application for long-term disability benefits.

2. The report and recommendation of the magistrate judge (Doc. 40) is otherwise REJECTED.

3. The motion for summary judgment (Doc. 25), filed by defendant Penn National Insurance, is GRANTED.

4. Plaintiff's motion for summary judgment (Doc. 28) is GRANTED in part and DENIED in part as follows:

    a. The motion (Doc. 28) is GRANTED to the extent that defendant Prudential Insurance Company of America shall restore plaintiff's disability benefits and pay such benefits under the plan effective from the date of cancellation of benefit payments in September 2003. This order is without prejudice to defendant's right to consider whether to

        terminate benefits in the future consistent with the provisions of the long-term disability plan.

    b.     The motion (Doc. 28) is otherwise DENIED.

5.     The motion for summary judgment (Doc. 21), filed by defendant Prudential Insurance Company of America, is DENIED. However, the Clerk of Court will be directed to enter final judgment in favor of defendant Prudential and against plaintiff on plaintiff's claims seeking reimbursement for, or reinstatement of, her life, health, and dental insurance.

6.     The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

7.     Any party shall be permitted to file, on or before March 21, 2007, a motion for reasonable attorney's fees and costs <u>and</u> supporting brief.[1] <u>See</u> 29 U.S.C. § 1132(g)(1). Any motion and supporting brief shall set forth the reasons justifying such an award and provide a detailed calculation of the specific amounts sought.

8.     Plaintiff shall be permitted to file, on or before March 21, 2007, a motion for prejudgment interest <u>and</u> supporting brief.

                          <u>S/ Christopher C. Conner</u>
                          CHRISTOPHER C. CONNER
                          United States District Judge

---

[1] The court expresses no opinion on whether any party is entitled to reasonable attorney's fees and costs. <u>See</u> 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."); <u>Digiacomo v. Teamsters Pension Trust Fund of Phila. & Vicinity</u>, 154 F. App'x 312, 313 (3d Cir. 2005) (outlining the factors to guide the exercise of discretion under § 1132(g)(1) (citing <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670, 673 (3d Cir. 1983))).