**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBRA S. MUSIC,** | : | **CIVIL ACTION NO. 1:05-CV-1223** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PRUDENTIAL INSURANCE** | : | |
| **COMPANY OF AMERICA, and** | : | |
| **PENN NATIONAL INSURANCE,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Presently before the court are the motions (Docs. 49, 51) of plaintiff, Debra S.

Music ("Music"), seeking prejudgment interest, attorney's fees, and costs under

§ 502(g)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§ 1132(g)(1). Her substantive case alleged violations of ERISA arising from denial of

disability and life, health, and dental benefits by defendants Penn National Insurance

("Penn National") and  Prudential Insurance Company of America ("Prudential").  This

court granted summary judgment in favor of Penn National on all claims and in favor of

Prudential on the life, health, and dental benefits claim.  It granted summary judgment

against Prudential and in favor of Music on the disability benefits claim.  She then filed

the present motions.  For the reasons that follow, the motions will be granted in part.

**I.      Prejudgment Interest**

An award of prejudgment interest "compensate[s] prevailing parties for the true

costs of money damages incurred."  <u>Anthuis v. Colt Indus. Operating Corp.</u>, 971 F.2d 999,

1010 (3d Cir. 1992).  In cases involving denial of ERISA benefits, prejudgment interest is

"presumptively appropriate" absent "exceptional or unusual circumstances . . . making

the award of interest inequitable." <u>Fotta v. Trustees of United Mine Workers of Am.,</u>

<u>Health & Ret. Fund of 1974</u>, 165 F.3d 209, 214 (3d Cir. 1998); <u>see also</u> <u>Holmes v. Pension</u>

<u>Plan of Bethlehem Steel Corp.</u>, 213 F.3d 124, 131 (3d Cir. 2000).  The court must consider

whether interest is necessary to redress the plaintiff's injury or whether awarding it

would result in unjust enrichment.  <u>See</u> <u>Fotta</u>, 165 F.3d at 213 ("[T]he awarding of

interest where benefits have been unjustifiably delayed not only ensures full

compensation, but also serves to prevent unjust enrichment.").  If the calculus favors the

former outcome, an interest award is appropriate.

     In the present case, Prudential denied Music long-term disability benefits

beginning in September 2003.  (Doc. 48 at 2.)  Music has incurred harm not only through

the initial denial of those benefits but also by the passage of approximately four years

during which Prudential has withheld them.  She will only be fully compensated if she

receives prejudgment interest commensurate with this four-year delay.  Hence, the court

finds an award of prejudgment interest equitable and appropriate in this case.

     However, the court lacks sufficient information to compute the amount of interest

to which Music is entitled, and it will permit her to file additional documentation

containing the information needed to calculate the interest amount.  At present, the

record does not indicate whether Prudential disbursed Music's recovery after the entry

of summary judgment in her favor on March 7, 2007 or whether it has yet to do so.  In the

event that Prudential has already disbursed Music's recovery, the court will award

interest beginning with the date of the initial denial of benefits and ending with the date

on which Prudential disbursed them.  If Prudential has yet to reinstate them, the court

will award interest from the date of the denial to the date of judgment.  The court will also instruct the Clerk of Court enter judgment consistent with the court's summary judgment order (Doc. 48) to establish the precise date of entry of judgment.

ERISA contains no formula for calculating prejudgment interest.  This court and our sister court in the Eastern District of Pennsylvania have concluded that the "most analogous federal statute" for determining prejudgment interest under ERISA is 28 U.S.C. § 1961, the statute that generally authorizes *postjudgment* interest awards.  See Tomasko v. Weinstock, No. 3:98-CV-1978, 2006 WL 2562741, at *6 (M.D. Pa. 2006); Russo v. Abington Mem'l Hosp. Healthcare Plan, 257 F. Supp. 2d 784, 787 (E.D. Pa. 2003). Under § 1961(a), "interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." Prejudgment interest in this case will be granted in accordance with the rate prescribed by this statute.  In the event that Prudential has already disbursed Music's benefits, the applicable interest rate will be ascertained by substituting the date of disbursement for the date of judgment under § 1961(a).

The court will instruct Music to file a supplemental brief documenting the period for which interest is payable, the applicable interest rate, and the total amount of interest sought.  The brief should include supporting documentation substantiating the period and rate to be used in calculating interest.  Upon receipt of this documentation and an opportunity for Prudential to respond, the court will modify the entry of judgment to reflect a specific award of prejudgment interest.

## II.   Attorney Fees and Costs

An award of attorney's fees and costs in ERISA cases falls within the discretion of the district court.  See Ellison v. Shenango, Inc. Pension Bd., 956 F.2d 1268, 1273 (3d Cir. 1992).  The court considers the following five factors, first announced in Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983) when awarding fees:

(1)   the offending parties' culpability or bad faith;

(2)   the ability of the offending parties to satisfy an award of attorneys' fees;

(3)   the deterent [sic] effect of an award of attorneys' fees against the offending parties;

(4)   the benefit conferred on members of the . . . plan as a whole; and

(5)   the relative merits of the parties' position [sic].

Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).

The first Ursic factor evaluates the culpability or bad faith of the offending party.  Ursic, 719 F.2d at 673.  While bad faith weighs heavily in favor of granting fees, it is not strictly required, and merely culpable conduct will justify an award.  McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., 33 F.3d 253, 256 (3d Cir. 1994).  Conduct qualifies as "culpable" if it is blameworthy or censurable or if it involves "the breach of a legal duty or the commission of a fault."  Id. (quoting BLACK'S LAW DICTIONARY (6th ed. 1990)).  Culpability exists when a particular action is wrongful, even if the party committing it lacked malicious purpose.  Id.  Under this broad definition, courts have found illogical, arbitrary, or capricious denials of ERISA benefits to be culpable.  See Brown v. Cont'l Cas. Co., No. CIV.A. 99-6124, 2005 WL 1949610, at *1 (E.D. Pa. Aug. 11,

2005) (holding that insurer's reliance on alleged oral statements of plaintiff's physician affirming plaintiff's fitness for work was irrational, and hence culpable, because the same physician sent a written letter to the insurer denying such statements and reaffirming plaintiff's inability to work). Illogical denial of benefits may occur when insurers condition the receipt of benefits on additional requirements not contained in the written plan. See Lyon v. Kimberly Clark Corp. Pension Plan, No. 05-3201, 2007 WL 1852215, at *2 (D.N.J. June 26, 2007) (holding that enforcement of requirements not set forth in plan constituted arbitrary and capricious denial of benefits and hence demonstrated culpability). Placing excessive weight on opinions of non-treating physicians while discounting those of treating physicians likewise qualifies as culpable behavior. See Addis v. Ltd. Long-Term Disability Program, No. 05-357, 2006 WL 2387087, at *1 (E.D. Pa. Aug. 3, 2006).

In the case *sub judice*, Prudential required Music to demonstrate objective evidence of her disability before paying benefits, a requirement not contained in the written plan. (See Doc. 48 at 5.) Moreover, Prudential relied upon the advice of non-treating physicians while depreciating the significance of the opinions of Music's treating physician. (See id.) This conduct constituted an arbitrary and capricious denial of benefits. (Id. at 4-5.) Therefore, the court finds that Prudential acted in a culpable manner, and the first Ursic factor weighs in favor of a fee award.

The second factor concerns "the ability of the of the offending part[y] to satisfy an award of attorneys' fees." Ursic, 719 F.2d at 673. Prudential concedes that it has the

ability to satisfy a fee award.  (Doc. 57 at 4.)  The court therefore finds that this factor weighs in favor of granting the plaintiff's motion.

The third <u>Ursic</u> factor requires the court to evaluate whether awarding fees would deter the offending party from engaging in similar culpable conduct in the future.  <u>Ursic</u>, 719 F.3d at 673.  The court need not limit its deterrence inquiry to a fee award's ability to deter future bad-faith conduct.  <u>Addis</u>, 2006 WL 2387087, at *2.  Rather, an award is proper if it will encourage the offending party to comply with the general objectives of ERISA and treat plan participants fairly in the future.  <u>See</u> <u>McPherson</u>, 33 F.3d at 258 (holding that district courts may award fees to "serve the objectives of ERISA" even absent bad-faith conduct by the offending party); <u>Addis</u>, 2006 WL 2387087, at *2 (noting that any award of attorney's fees is intended to encourage fair conduct, not to punish prior actions).

In the case at hand,  Prudential denied Music's disability benefits for approximately four years.  (Doc. 48 at 2.)  Throughout this time, Prudential gave unreasonable weight to the opinions of physicians who did not physically examine Music, and it arbitrarily limited claims to disorders that involved only "objectively verified symptoms."  (Doc. 40 at 16-17; Doc. 48 at 5.)  This restriction is simply unsupported by any reasonable construction of the provisions of the plan.  A fee award would deter Prudential from such conduct in the future and would encourage it to cut square corners with the terms of the plan when making coverage decisions.  <u>Cf.</u> <u>Brown</u>, 2005 WL 1949610, at *2 (awarding attorney's fees when defendant denied benefits for more than five years because a fee award would deter future wrongful refusals).

Consequently, the court finds that the third <u>Ursic</u> factor counsels in favor of an award of fees.

The fourth factor requires the court to consider "the benefit [that a fee award would] confer[] on members of the pension plan as a whole." <u>Ursic</u>, 719 F.2d at 673.  The court must determine whether members of the plan other than the plaintiff will benefit from the plaintiff's suit. <u>Brown</u>, 2005 WL 1949610, at *2.  Because this factor focuses on the communal benefit to all members of a plan, it is most evident in cases through which the plaintiff seeks to compel the defendant to reinterpret the plan's provisions or reinstate benefits for all plan members. <u>See</u> <u>Lyon</u>, 2007 WL 1852215, at *3; <u>Addis</u>, 2006 WL 2387087, at *3; <u>Brown</u>, 2005 WL 1949610, at *2 (noting difficulty of quantifying indirect benefit that members of a plan may receive from a plaintiff's suit for individual benefits).  As such, it often weighs neither for nor against a fee award when the plaintiff seeks recovery only of the plaintiff's own benefits. <u>Brown</u>, 2005 WL 1949610, at *2.

In the instant case, Music sued on behalf of herself and did not seek any change to the structure or administration of the plan.  While her suit may deter Prudential from unreasonably denying benefits to other members of the plan in the future, this benefit is indirect and difficult to substantiate. <u>See</u> <u>id.</u> (holding that because plaintiff sued only to restore her individual benefits, any advantage to other plan members was too indefinite to clearly quantify).  The court finds that while Music's suit may generally deter Prudential from engaging in unfair conduct, other plan participants will not directly benefit from it in any meaningful way.  Because of the amorphous nature of any positive results for other plan members, the fourth <u>Ursic</u> factor is neutral in this case.

The fifth and final factor requires an evaluation of "the relative merits of the parties' position[s]." Ursic, 719 F.2d at 673. Though this analysis overlaps with that of the first factor, it also "considers the losing party's position relative to the prevailing plaintiff's. The question is not whether, but how much, the factor weighs in favor of the prevailing party." Addis, 2006 WL 2387087, at *3. Particularly when the offending party behaved culpably, this factor is likely to favor a fee award because that party denied the prevailing party a legal benefit through wrongful conduct. See Brown, 2005 WL 1949610, at *2 (observing that fifth factor involves a "holistic equitable analysis").

Based upon the comparative merits of the present parties' positions, the court finds that Prudential based its denial of benefits on contrived grounds. In a case such as this, Prudential has significant power over the plan members, who depend on it to handle their claims expeditiously and fairly. Yet when Music sought to obtain benefits, Prudential denied her claim for arbitrary reasons not permitted by the plan. In sharp contrast, the record contains no indication of misconduct or culpability by Music. The court finds that the relative merits of the parties' positions favors an award of attorney's fees. Cf. Brown, 2005 WL 1949610, at *2 (holding that the relative merits of the positions favored fee award in case with similar facts as the present one).

Having concluded that four of the five Ursic factors weight in Music's favor, the court holds that her case warrants an award of attorney's fees and costs. Nevertheless, the documentation attached to her current motion includes fees and costs associated with her failed claim against Penn National Insurance and her failed claim for life, health, and dental benefits against Prudential. Plaintiff will be permitted to file a

supplemental brief in support of her motion along with a supporting affidavit of counsel itemizing those charges deriving from Music's successful claim against Prudential for disability benefits.  Upon receipt of this documentation and an opportunity for Prudential to respond, the court will modify the entry of judgment to reflect a specific award of attorney's fees and costs.

### III. Conclusion

Plaintiff is entitled to an award of both prejudgment interest and attorney's fees and costs.  Her motions (Docs. 49, 51) will be granted in part with leave to file supplemental documents detailing the amounts to which she is entitled.

An appropriate order will follow.


Dated: October 19, 2007


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBRA S. MUSIC,** | : | **CIVIL ACTION NO. 1:05-CV-1223** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE PRUDENTIAL INSURANCE** | : | |
| **COMPANY OF AMERICA and** | : | |
| **PENN NATIONAL INSURANCE,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of October, 2007, upon consideration of plaintiff's

motions (Docs. 49, 51) seeking prejudgment interest and attorney's fees and costs, see 29

U.S.C. § 1132(g)(1) (awarding reasonable attorney's fees and costs), and for the reasons

set forth in the accompanying memorandum, it is hereby ORDERED as follows:

1. The Clerk of Court is directed to enter JUDGMENT in the above-captioned
   case consistent with the court's order of March 7, 2007, requiring Prudential
   Insurance Company of America to reinstate plaintiff's disability benefits of
   $627.45 per month effective from the date of cancellation of benefit
   payments in September 2003.

2. Plaintiff's motion for prejudgment interest (Doc. 49) is GRANTED IN
   PART.

   a. Counsel for plaintiff shall file, on or before November 2, 2007, a
      supplemental brief and affidavit of counsel containing the
      prejudgment interest rate, the period for which it is sought, and the
      total amount of interest.  The brief shall include documentation
      substantiating the applicable rate and period consistent with the
      standards described in the accompanying memorandum.

   b. Failure to provide such documentation shall result in the motion
      (Doc. 49) being deemed to request prejudgment interest in the
      nominal amount of $1.00.

3.    Plaintiff's motion for attorney's fees and costs (Doc. 51) is GRANTED IN PART.

    a.    Counsel for plaintiff shall file an affidavit of counsel, on or before November 2, 2007, detailing only the time and costs expended on pursuing the successful disability claim.

    b.    Failure to provide such documentation shall result in the motion (Doc. 51) being deemed to request attorney's fees and costs in the nominal amount of $1.00.

4.    Defendant Prudential Insurance Company of America shall be permitted to file, on or before November 19, 2007, an appropriate response to plaintiff's supplemental documentation in support of her motions.

5.    Plaintiffs shall be permitted to file, on or before December 7, 2007, a reply to any such response.


                      S/ Christopher C. Conner
                      CHRISTOPHER C. CONNER
                      United States District Judge